UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARICHEHR FARZAM,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WALTER ISAACSON, CHAIRMAN,  )<br>THE BROADCASTING BOARD OF  )<br>GOVERNORS  )<br>  )<br>Defendant.  )<br>  ) | | Civil Action No. 12-35 (RMC) |

**MEMORANDUM OPINION**

Parichehr Farzam, an employee in the Voice of America's Persian News Network, accuses the Broadcasting Board of Governors of the following:

    Count I- retaliation in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d);

    Count II- retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

    Count III- breach of a 2008 settlement agreement that resolved an Equal Pay Act and Title VII complaint before the Equal Employment Opportunity Commission; and

    Count IV- continuing unequal pay.

The Board is sued in the name of its Chairman, Walter Isaacson, in his official capacity only. The parties dispute which of Ms. Farzam's claims are properly in district court and whether the entire Complaint should be dismissed.

    Ms. Farzam concedes that Count IV, claiming ongoing unequal pay, must be transferred to the U.S. Court of Federal Claims because she seeks a remedy in excess of $10,000

and therefore this Court lacks subject matter jurisdiction over her claim.[1]  *Compare* 28 U.S.C. § 1346(a)(2) (conferring concurrent jurisdiction on the district courts and the Court of Federal Claims for certain claims against the United States not exceeding $10,000), *with* 28 U.S.C. § 1491(a)(1) (conferring jurisdiction on the Court of Federal Claims for certain claims against the United States without reference to an amount in controversy).  The Court will transfer Count IV to the Court of Federal Claims.  *See* 28 U.S.C. § 1631 (authorizing transfer to cure a want of jurisdiction "if it is in the interest of justice, . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed").

Ms. Farzam also asks the Court to transfer Count III, her breach-of-contract claim arising from the 2008 settlement agreement, to the Court of Federal Claims.  However, she distinguishes her claims of retaliation associated with the Chairman's handling of the settlement agreement from her breach-of-contract claim and urges this Court to retain the retaliation claims here.  Both parties recognize that 28 U.S.C. § 1500 precludes jurisdiction in the Court of Federal Claims for Count III if Ms. Farzam is pursuing the same claim or one in respect to the same claim in district court.  *See United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1727 (2011) ("The [Court of Federal Claims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents.").  "Two suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Id.* at 1731.  *Tohono O'Odham Nation* makes clear that Ms. Farzam cannot

---

[1] The Chairman originally also moved to dismiss Count I, alleging retaliation in violation of the Equal Pay Act, for lack of subject matter jurisdiction but has now withdrawn that motion.  Def.'s Reply [Dkt. 25] at 2 n.1.

pursue a breach-of-contract and a retaliation claim arising from the same settlement agreement in two different courts.

Count III is fundamentally a breach-of-contract claim and will be transferred to the Court of Federal Claims. *See Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005) ("This court generally treats settlement agreements as contracts subject to the exclusive jurisdiction of the Court of Federal Claims."). Due to this transfer, this Court will not consider facts concerning the breach of the settlement agreement as a basis for retaliation because such facts are based on "substantially the same operative facts" as the breach-of-contract claim. *See Tohono O'Odham Nation*, 131 S. Ct. at 1731. Even so, as discussed below, the retaliation claims (Counts I and II) remain pending here.

The Court next considers the Chairman's motion to dismiss Counts I and II for failure to state a claim.[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (dismissal proper when complaint fails to plead "enough facts to state a claim to relief that is plausible on its face"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (citing *Twombly*). The Court disagrees with the Chairman's claim that Ms. Farzam has failed to plead enough facts to survive a motion to dismiss. Ms. Farzam has sufficiently pled facts to put the Chairman on notice of her claims and their bases. This aspect of the Chairman's motion will be denied without prejudice.

For Count II, the Chairman moves to dismiss for failure to state a claim all claims of retaliation under Title VII prior to July 4, 2010. The Chairman asserts that Ms. Farzam contacted an Equal Employment Opportunity ("EEO") counselor in August 2010 and claims older than 45 days before that contact are not actionable. *See* 29 C.F.R. § 1614.105(a)(1) ("An

---

[2] The Court denies the Chairman's motion to dismiss Count III for failure to exhaust administrative remedies without prejudice as the count will be transferred to the Court of Federal Claims.

3

aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."); *see also Mills v. Winter*, 540 F. Supp. 2d 178, 184-85 (D.D.C. 2008) (describing the exhaustion requirement in Title VII cases). Ms. Farzam responds that the acts alleged prior to July 4, 2010 are part of a continuing violation of her rights by a course of retaliatory conduct and are thus not time-barred. The Court will deny this aspect of the Chairman's motion without prejudice because the record is insufficient at this time to determine whether the alleged retaliatory actions the Chairman seeks to dismiss are time-barred.

In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period." 536 U.S. 101, 122 (2002). "An assertion that the discrete acts constitute a 'continuing violation' or a series of related violations will not save a claim that falls outside of the limitations period." *Bell v. Gonzales*, 398 F. Supp. 2d 78, 84 (D.D.C. 2005) (citing *Morgan*, 536 U.S. at 114-15). After the Supreme Court decided *Morgan*, however, in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), it expanded the scope for retaliation claims under Title VII. To prevail on a retaliation claim, the Court held that "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 57. In light of the Supreme Court's more recent decision in *Burlington*, the operative question now is the nature of the alleged retaliation—"discrete acts" or otherwise—and, if the latter, when a reasonable person would have been on notice that his employer engaged in acts of retaliation. *See Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("[I]n determining whether conduct amounts to an adverse employment action, the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently 'substantial in gross' as to be

actionable."). The Court cannot make this determination on the current record. Since Ms. Farzam is entitled to resolution of all doubts in her favor, the Court will not dismiss her complaint without discovery. *See Twombly*, 550 U.S. at 555 (requiring a court to assume that "all the allegations in the complaint are true (even if doubtful in fact)" when deciding a motion to dismiss).

The Chairman also moves to dismiss Counts I and II, alleging retaliation under the Equal Pay Act and retaliation under Title VII respectively, for failure to allege a causal connection between Ms. Farzam's protected activity and any retaliatory action. The Court will deny this aspect of the defense motion. The Court reads the Complaint as making sufficient allegations regarding causation to survive a motion to dismiss. *See* Am. Compl. [Dkt. 2] ¶¶ 10-20, 46-57.

The Chairman moves in the alternative for summary judgment under Federal Rule of Civil Procedure 12(d). *See Wiley v. Glassman*, 511 F.3d 151, 160-61 (D.C. Cir. 2007) (explaining that a motion to dismiss is converted to a motion for summary judgment when the court considers "matters outside the pleading" (internal quotation marks omitted)). The Chairman argues that Ms. Farzam failed to exhaust her administrative remedies by timely contacting an EEO counselor, failed to allege a materially adverse action associated with retaliation, and failed to allege a causal connection between her prior protected activity and the alleged retaliation. This motion will also be denied. The facts are too uncertain and disputed for summary judgment without discovery.

In sum, Ms. Farzam's motion to transfer Counts III and IV to the Court of Federal Claims will be granted. The Chairman's motion to dismiss, or in the alternative for summary

judgment, on Counts I and II will be denied without prejudice. A memorializing Order accompanies this Memorandum Opinion.

Date: November 21, 2012                              /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge